IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PAUL F. JANNUZZO,

    Plaintiff,

      v.

GLOCK, INC., et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-2445-TWT

**OPINION AND ORDER**

This is a malicious prosecution and civil RICO action. It is before the Court on the Plaintiff Paul Jannuzzo's Motion to Alter, Amend, or, Alternatively for Reconsideration, to Allow Leave to Amend [Doc. 49]. For the reasons set forth below, the Plaintiff's Motion to Alter, Amend, or, Alternatively for Reconsideration, to Allow Leave to Amend is DENIED.

## I. Background

The facts of this case have been explained in detail in a previous Order.[1] Thus, the Court will provide only a brief summary here. Gaston Glock Sr. – the founder and

---

[1]    See Jannuzzo v. Glock, Inc., No. 1:15-CV-2445-TWT, 2016 WL 3076651 (N.D. Ga. June 1, 2016).

alleged controller of the "Glock Group" – incorporated the Defendant Glock, Inc. in Smyrna, Georgia in order to sell firearms in the United States.[2] The Defendant Consultinvest, Inc. is part of the Glock Group.[3] The Plaintiff was the long-serving general counsel of Glock, Inc.[4] But, in 2003, he had a falling out with Glock Sr. that resulted in his resignation from the company.[5]

The Plaintiff alleges that Glock Sr., with help, then carried out a lengthy racketeering scheme.[6] He further alleges that the Defendants orchestrated a malicious prosecution of him and other former Glock, Inc. employees because they were aware of Glock Sr.'s racketeering scheme.[7] Glock Sr. hired an attorney – James Deichert – to institute a prosecution of the Plaintiff.[8] In July 2007, Deichert filed a criminal complaint in the City of Smyrna, Georgia recommending the prosecution.[9] The case was assigned to Detective Keith Harrison, and Glock Sr. allegedly put the Defendant

---

[2]    Am. Compl. ¶¶ 47, 53.

[3]    Id. ¶ 21.

[4]    Id. ¶ 54.

[5]    Id. ¶ 55.

[6]    Id. ¶ 49.

[7]    Id. ¶ 60.

[8]    Id. ¶¶ 66-67.

[9]    Id.

Robert Core in charge of managing and controlling Harrison.[10] In addition, the Defendant John Renzulli, an attorney for Glock Sr., was allegedly involved in coercing a witness in the criminal case.[11]

The Plaintiff was indicted on June 11, 2009.[12] The indictment charged him with two counts: (1) theft by conversion, and (2) conspiracy to violate the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO").[13] Count One of the indictment alleged that, in 1999, the Plaintiff had been given temporary custody of a Glock LaFrance Specialties .45 caliber semi-automatic pistol, and that he failed to return the pistol upon his resignation in February 2003.[14] Count Two alleged that the Plaintiff, along with a former Glock, Inc. employee, Peter Manown, committed a pattern of racketeering activity, with one RICO predicate act being the conversion of the LaFrance pistol.[15]

---

[10]   Id. ¶¶ 68-69.

[11]   Id. ¶ 88.

[12]   Id. ¶ 100.

[13]   Id.

[14]   Id.

[15]   Id. ¶ 101.

The Plaintiff asserts that throughout the prosecution the Defendants committed perjury, suppressed exculpatory evidence, and influenced witnesses. The Plaintiff alleges the Defendants committed these acts in order to suppress the fact that Glock, Inc. had actual knowledge that the Plaintiff had the LaFrance pistol in 2003, and, as a result, the four-year statute of limitations for his conversion charge had run prior to his 2009 indictment.  Thus, the Plaintiff alleges that the prosecution was procured by fraud.

At trial, the Plaintiff was found guilty on both counts.[16] He then appealed the jury verdict, and on July 9, 2013, the Georgia Court of Appeals reversed his conviction on both counts.[17] The Court of Appeals found "that the charges were clearly timely-barred and that the State failed to carry its burden to prove that [the Plaintiff] was indicted on either count within the applicable statutes of limitations."[18] After the reversal, the Cobb County District Attorney's Office filed a *nolle prosequi*, ending the criminal prosecution.[19] The Plaintiff brought suit against the Defendants on March 8, 2015. He asserted that the Defendants orchestrated a scheme to

---

[16]     Id. ¶ 143; see also Jannuzzo v. State, 322 Ga. App. 760, 764-66 (2013).

[17]     Am. Compl. ¶¶ 143-44.

[18]     Id. ¶ 144.

[19]     Id. ¶ 159.

maliciously prosecute him, and that this amounted to a violation of his constitutional rights, the Georgia malicious prosecution statute, and the Georgia RICO statute.

The Defendants moved to dismiss the Plaintiff's claims. The Defendants argued, *inter alia*, that the Plaintiff failed to demonstrate his conviction was procured by fraud. With regard to the Plaintiff's RICO claim, the Defendants argued that the Plaintiff failed to plead at least two predicate acts. The Court agreed on both points and granted the Defendants' Motions to Dismiss on June 1, 2016.[20] As part of its analysis, the Court noted that evidence regarding the whereabouts of the LaFrance pistol was put into evidence at the criminal trial.[21] And thus evidence regarding Glock, Inc.'s knowledge was not withheld from the jury.[22] Moreover, the Court emphasized that the Plaintiff did not allege that any trial witnesses committed perjury regarding Glock, Inc.'s knowledge.[23] As for the RICO claim, the Court held that several of the allegations did not meet the Rule 9(b) pleading standard.[24] The Plaintiff now moves

---

[20]     [Doc. 47].

[21]     See Jannuzzo v. Glock, Inc., No. 1:15-CV-2445-TWT, 2016 WL 3076651, *4-5 (N.D. Ga. June 1, 2016).

[22]     Id.

[23]     Id.

[24]     Id. at 6.

the Court to alter or amend its Order to allow him leave to file a Second Amended Complaint.

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment.[25] "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."[26] While the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, such motions are allowed in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."[27] A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."[28] Further, a party "may not

---

[25]   See Fed. R. Civ. P. 59(e).

[26]   American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir 1985) (citing Commodity Futures Trading Comm'n v. American Commodity Grp. Corp., 753 F.2d 862, 866 (11th Cir. 1984)).

[27]   N.D. Ga. Local R. 7.2(E).

[28]   Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).

employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."[29]

## III. Discussion

The Plaintiff offers four arguments in support of his Motion to Alter or Amend: (1) the Court committed clear error when it misapprehended the nature of the Defendants' fraud; (2) the Plaintiff found new evidence from a former Glock, Inc. employee; (3) because the Plaintiff was unaware that the Court would consider the criminal trial transcript in deciding the Defendants' Motions to Dismiss, the Plaintiff should be given the opportunity to present the entire transcript; and (4) the Second Amended Complaint will provide sufficient detail to satisfy Rule 9(b).[30] The Court will address each argument in turn.

Under Georgia law, the elements of a malicious prosecution claim include: "(1) a criminal prosecution; (2) instigated without probable cause; (3) with malice; (4)

---

[29]    Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made . . . '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through – rightly or wrongly.'" (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)) (alterations in original)).

[30]    Mot. to Alter or Amend, at 2-6.

pursuant to a valid warrant, accusation, or summons; (5) that terminated in the plaintiff's favor; and (6) caused the plaintiff damage."[31]  "Probable cause is absent when the circumstances would satisfy a reasonable person that the accuser had no ground for proceeding except a desire to injure the accused."[32] Furthermore, "if a reasonable person would have investigated to determine if probable cause existed prior to swearing out a warrant, then such failure to make an investigation may imply malice, as well as go to whether probable cause existed."[33] A guilty verdict is conclusive evidence of probable cause.[34] However, if the plaintiff adequately alleges that the prosecution was tainted by fraud, then a guilty verdict is not conclusive evidence.[35]

Here, the Plaintiff contends that the Court misapprehended his allegations of fraud. Specifically, the Plaintiff asserts that the Court did not adequately consider his

---

[31]     Dixon v. Krause, 333 Ga. App. 416, 419 (2015) (quoting McNeely v. Home Depot, Inc., 275 Ga. App. 480, 482 (2005)); see also O.C.G.A. § 51-7-40.

[32]     K-Mart Corp. v. Coker, 261 Ga. 745, 746 (1991).

[33]     Fleming v. U-Haul Co. of Ga., 246 Ga. App. 681, 684 (2000).

[34]     Condon v. Vickery, 270 Ga. App. 322, 324 (2004).

[35]     See Georgia Loan & Trust Co. v. Johnston, 116 Ga. 628, 43 S.E. 27, 27 (1902) (holding that "[c]ases in which the judgment in the original action is obtained by fraud, perjury, or subornation are excepted from the operation of [the] general rule").

argument that fraud "was present from the inception of the case. . . . [Glock, Inc.] always knew that Jannuzzo had the pistol that he had supposedly converted."[36] The Plaintiff asserts that the Court only considered his argument regarding the evidence and witnesses presented at trial. He contends that this misapprehension of his argument is clear error.

"An error is clear only when the legal issues are inarguable."[37] Further, a motion for reconsideration should be denied where the "error . . . committed is not the sort of clear and obvious error which the interests of justice demand that [the court] correct."[38] Here, the Court finds that it did not commit clear error. The Court did not misapprehend the Plaintiff's argument; it appears the Plaintiff has "repackaged" his argument.[39] The Court acknowledged in its Order that the Plaintiff alleged the Defendants had actual knowledge of the whereabouts of the LaFrance pistol and that

---

[36]   Mot. to Alter or Amend, at 10.

[37]   Robbins v. Scana Energy Mktg., Inc., No. 1:08-CV-640-BBM, 2008 WL 7724172, at *1 (N.D. Ga. July 30, 2008).

[38]   American Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985).

[39]   Reid v. BMW of North Am., 464 F. Supp. 2d 1267, 1270 (N.D. Ga. 2006) ("Motions for reconsideration are not appropriate to present the Court with arguments already heard and dismissed, to repackage familiar arguments, or to show the Court how it 'could have done it better' the first time." (citing Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995))).

they withheld this exculpatory evidence throughout the criminal case.[40] However, the Court found that this allegation was undermined by the fact that the jury was presented with the evidence the Defendants allegedly withheld, and that the Plaintiff did not allege any of the witnesses committed perjury at trial.[41] Thus, the Court held that the Plaintiff failed to adequately allege his criminal conviction was procured by fraud.[42] Moreover, the Court emphasized that Georgia courts discourage malicious prosecution claims.[43] This analysis, if error, is "not the sort of clear and obvious error which the interests of justice demand that [the court] correct."[44] The appropriate venue for the Plaintiff's argument is an appeal to the Eleventh Circuit.[45]

Next, the Plaintiff argues that the Court should alter or amend its Order to grant him leave to amend his Complaint, because he obtained new evidence regarding

---

[40]    See Jannuzzo v. Glock, Inc., No. 1:15-CV-2445-TWT, 2016 WL 3076651, at *1-2, 4-5 (N.D. Ga. June 1, 2016).

[41]    Id. at *4-5.

[42]    Id. at *4.

[43]    Id. at *5.

[44]    American Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985).

[45]    See In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal.").

Glock, Inc.'s knowledge. Specifically, he alleges that certain "mid-level managers" at Glock, Inc. were instructed by senior managers to not accept any guns for return from him.[46] "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion."[47] "[E]vidence that could have been reasonably discovered during the pendency of the case through exercise of due diligence" does not count as newly discovered evidence.[48] Here, the Plaintiff fails to demonstrate that this evidence was unavailable to him prior to the Court's Order granting the Defendants' Motions to Dismiss. He merely states in his Motion to Alter or Amend that he was not aware of the evidence until after the parties submitted their briefs for the Defendants' Motions to Dismiss. But becoming aware of evidence is not the same as evidence being unavailable.[49] In his Reply, the Plaintiff does state that the evidence was unavailable, but he does not provide a reason why it

---

[46]     Mot. to Alter or Amend, at 5.

[47]     Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997).

[48]     Morris v. Precoat Metals, No. 2:11-cv-0053-SLB, 2013 WL 830868, at *1 (N.D. Ala. March 4, 2013) (citing Mays, 122 F.3d at 46).

[49]     See Burns v. Fox, No. 1:10-CV-3667-WSD, 2016 WL 6543206, at *3 n.1 (N.D. Ga. Nov. 4, 2016) ("Evidence that could have been discovered and presented on the previously filed motion is not newly discovered." (citing Arthur v. King, 500 F.3d 1335, 1343-44 (11th Cir. 2007))).

was unavailable.[50] As a result, the Court is not convinced that the evidence was unavailable.

Next, the Plaintiff seeks leave to file a Second Amended Complaint in order to fully address his criminal trial transcript. The Plaintiff contends that because he was not aware that the Court would consider the transcript, it would be unjust to not allow him to address the transcript. The Court disagrees. The trial transcript is a matter of public record. As the Plaintiff is aware, a court may take judicial notice of matters of public record.[51] Thus, it should not have caught the Plaintiff by surprise that the Court took judicial notice of his criminal trial transcript. Regardless, a review of the Plaintiff's proposed amendments does not demonstrate that the Plaintiff has included any additional allegations that would change the Court's original conclusion that he did not adequately plead fraud. He still does not allege that any witnesses committed perjury. Rather, he states that several witnesses gave "misleading" testimony.[52] He also repeatedly points to the fact that the prosecution – at times – stated the gun was

---

[50]    Pl.'s Reply Br., at 13.

[51]    See Armstrong v. Floyd Cnty., Ga., No. 4:13-CV-0050- HLM, 2013 WL 8711442, at *4 n.2 (N.D. Ga. Dec. 3, 2013) (noting that the court could consider the plaintiff's criminal trial transcript because it is a matter of public record).

[52]    See Mot. to Alter or Amend, Ex. 1, ¶¶ 200-01, 204.

stolen instead of missing.[53] And that the prosecution presented an indictment that did not include information regarding Glock, Inc.'s knowledge of the pistol's whereabouts in 2003.[54] Nevertheless, these allegations do not change the Court's analysis. None of these allegations specifically demonstrate that the Defendants presented false evidence in order to procure the Plaintiff's conviction. And, as the Court noted in its Order, information regarding the whereabouts of the pistol was presented to the jury, which ultimately convicted the Plaintiff.[55] Accordingly, the Court denies the Plaintiff's Motion to Alter or Amend based on the criminal trial transcript.

Finally, the Plaintiff seeks to leave to replead his RICO claims. He states that "courts will allow a plaintiff an opportunity to replead if a complaint is dismissed for failure to satisfy the particularity requirements of Rule 9(b)."[56] However, after reviewing the Plaintiff's amended RICO claims, the Court concludes that the amendment would be futile.[57] First, the Plaintiff asserts in his proposed Second

---

[53]     Id. ¶¶ 209-10.

[54]     Id. ¶¶ 189, 193-93.

[55]     See Jannuzzo v. Glock, Inc., No. 1:15-CV-2445-TWT, 2016 WL 3076651, at *5 (N.D. Ga. June 1, 2016).

[56]     Mot. to Alter or Amend, at 20.

[57]     See Foman v. Davis, 371 U.S. 178, 182 (1962) (noting that leave to amend should be freely given  under Federal Rule of Civil Procedure 15 *unless* the amendment would be futile).

Amended Complaint that the Defendants Core, Renzulli, Consultinvest, and Glock, Inc. violated O.C.G.A. § 16-10-20 – which prohibits false statements and writings to any department or agency of state government – in May 2008, June 2009, and October 2011 by "willfully providing statements to Butters that contained knowingly false statements and statements contrary to established law in order to obtain an indictment of Jannuzzo."[58] In his Amended Complaint, the Plaintiff alleged that the Defendants provided false statements to Butters.[59] But the Plaintiff did not allege that these statements violated O.C.G.A. § 16-10-20. Indeed, the Plaintiff never mentions O.C.G.A. § 16-10-20 in his Amended Complaint or his briefings on the Defendants' Motions to Dismiss. Rather, it appears that the Plaintiff previously alleged that the false statements violated O.C.G.A. § 16-10-94(a), which prohibits tampering with evidence.[60] Thus, it would be reasonable for the Court to find that this newly alleged predicate act is inappropriate to consider on a Motion to Alter or Amend.[61] Even if the Court held that the Plaintiff had originally alleged the Defendants violated O.C.G.A.

---

[58]    Mot. to Alter or Amend, Ex. 1, ¶¶ 264, 272, 276, 281.

[59]    See Am. Comp. ¶ 194.

[60]    See id. ¶ 206.

[61]    See Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (holding that a party "may not employ a motion for reconsideration as a vehicle to present new arguments").

§ 16-10-20, the allegation does not satisfy Rule 9(b)'s particularity requirement.[62] The Plaintiff does not specifically state what false statements were made. Nor does he specifically allege by whom they were made.

Next, the Plaintiff alleges that the Defendants improperly influenced and attempted to influence the testimony of Peter Manown. He alleges this is in violation of O.C.G.A. § 16-10-32 and O.C.G.A. § 16-10-93. However, it appears the only allegation the Plaintiff makes to further specify this predicate act is that "on information and belief, [Manown's plea deal] was done in order to obtain leverage over Manown so that he would testify against Jannuzzo."[63] This statement does not satisfy Rule 9(b), because it fails to provide a factual basis for which he asserts the allegation. Nor does the Plaintiff identify the false testimony Manown provided on behalf of the Defendants.

The only other predicate act that the Plaintiff appears to have further specified is the Defendant John Renzulli's alleged perjury. The Plaintiff alleges that Renzulli

---

[62]     See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997) (holding that to state a RICO predicate act, the plaintiff must allege "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same").

[63]     See Mot. to Alter or Amend, Ex. 1, ¶ 85.

committed perjury regarding a purportedly inappropriate relationship with his paralegal.[64] He contends that the perjury is material because it relates to Renzulli's credibility. The Defendants contend that it is immaterial. "The test of materiality [under O.C.G.A. § 16-10-70] is whether the alleged false statement could have influenced the decision as to the question at issue in the judicial proceeding in which the perjury is alleged to have been committed."[65] While it is true "that even evidence not directly relevant to the issues on trial may still be material in the sense that it is admissible to impeach the witness, . . . [Georgia courts] have limited this collateral materiality for purposes of perjury to those matters specifically provided by statute."[66] There are four matters provided by statute: "testimony disproving facts testified to by the witness, O.C.G.A. § 24-9-82; prior contradictory statements relevant to his testimony and to the case, O.C.G.A. § 24-9-83; demonstrating bad character by specified methods, O.C.G.A. § 24-9-84; and evidence showing the witness's feelings or relationship to the parties, O.C.G.A. § 24-9-68."[67] The Plaintiff does not contend that Renzulli's alleged perjury falls into one of these four categories. And even if the

---

[64]   Id. ¶ 156.

[65]   Walker v. State, 314 Ga. App. 714, 717 (2012).

[66]   Devine v. State, 229 Ga. App. 346, 351 (1997).

[67]   Id.

Court accepted the Plaintiff's argument that Renzulli's false testimony is material because it goes to his credibility, Renzulli's perjury would be the only RICO predicate act adequately alleged by the Plaintiff. And the Plaintiff – of course –  must allege at least two predicate acts.[68] Thus, the Court rejects the Plaintiff's request to amend his RICO claims.

## IV. Conclusion

For these reasons, the Court DENIES the Plaintiff Paul Jannuzzo's Motion to Alter, Amend, or, Alternatively for Reconsideration, to Allow Leave to Amend [Doc. 49].

SO ORDERED, this 17 day of March, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[68] Dalton v. State Farm Fire & Cas. Co., No. 1:12-CV-02848-RWS, 2013 WL 1213270, at *3 (N.D. Ga. Mar. 22, 2013) ("[T]o state a claim under the civil RICO statute, a claimant must allege at least two predicate acts of conduct").